UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HASAN SHEIKH**,<br>        Plaintiff,<br><br>    v.<br><br>**LORETTA LYNCH, ATTORNEY GENERAL OF THE UNITED STATES, ET AL.**,<br>        Defendants. | Case No. 15-cv-01873-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 31 |

On December 1, 2015, the Court granted defendants' motion to dismiss for lack of jurisdiction. (Dkt. No. 30.) On December 29, 2015, by the prescribed deadline, plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing the Court "committed clear error" in its December 1, 2015 Order. (Dkt. No. 31 at 3.)[1]

Pursuant to Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment where: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1  discovered evidence, committed clear error, or if there is an intervening change in the controlling
2  law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Rule 59(e) "may not
3  be used to relitigate old matters, or to raise arguments or present evidence that could have been
4  raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)
5  (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.
6  1995)); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district
7  court does not abuse its discretion when it disregards legal arguments made for the first time on a
8  motion to amend."). A district court enjoys considerable discretion in granting or denying a
9  motion to amend or alter a judgment under Rule 59(e). *See McDowell v. Calderon*, 197 F.3d
10 1253, 1255 n.1 (9th Cir. 1999) (en banc).

In his motion, plaintiff largely restates his earlier arguments regarding the appropriate method by which to calculate an absence of more than sixth months, which the Court rejected in granting defendants' motion to dismiss. Plaintiff also raises new arguments based on Federal Rule of Civil Procedure 6(a) and *Minasyan v. Mukasey*, 553 F.3d 1224, 1225 (9th Cir. 2009). Plaintiff does not explain why he failed to raise these authorities and arguments previously. The Court therefore may properly decline to consider them at this juncture. Nevertheless, having reviewed the newly cited authorities, the Court finds that they do not clearly call for a contrary result. Indeed, in *Minasyan*, the Ninth Circuit specifically references and distinguishes *Lagandaon v. Ashcroft*, 383 F.3d 983 (9th Cir. 2004), one of the cases relied upon by the Court in its December 1, 2015 Order. *Lagandaon* is more closely analogous than *Minasyan* to the statute at issue here, as both the statute at issue here and the one at issue in *Lagandaon* do not include a "within *x* days after" formulation but instead merely call for a determination of the length of a period of time measured in "months" or "years." The motion is **DENIED**.

This Order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated: January 26, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**